# EXHIBIT A

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

OCWEN LOAN SERVICING, LLC
100 Community Place
Crownsville, MD 21032

Case No. C-16-5234

    Plaintiff,

    v.

ANTHONY P. THOMAS, a.k.a. ANTHONY THOMAS
Serve: 610 Liberty Heights Ave. #31646
       Baltimore, MD 21215

SHARON M. BYRD-THOMAS
Serve: 610 Liberty Heights Ave. #31646
~~Baltimore, MD 21215~~

ELAINE YOUNG a.k.a. ELAINE THOMAS YOUNG
Serve: 514 Sanford Place
       Baltimore, MD 21216

    Defendants.

## COMPLAINT TO QUIET TITLE AND FOR DECLARATORY JUDGMENT

Plaintiff Ocwen Loan Servicing, LLC ("Ocwen" or "Plaintiff"), by and through undersigned counsel, hereby requests that this Court grant declaratory relief and enter judgment to quiet title in the name of Plaintiff against Defendants, and in support of thereof alleges the following:

### PARTIES

1.     Plaintiff Ocwen is the holder of the Deed of Trust at issue in this case.

2.     Defendants Anthony P. Thomas a.k.a. Anthony Thomas and Sharon M. Byrd-Thomas (the "Thomas's") are, upon information and belief, residents of the State of Maryland,

2011-10386 (Lit)

1



owners of 7214 Rockridge Rd., Baltimore, Maryland 21207 (the "Property") and the borrowers under the certain Note and related Deed of Trust dated May 7, 2007.

3. Defendant Elaine Young a.k.a. Elaine Thomas Young is, upon information and belief, a resident of the State of Maryland.

## JURISDICTION AND VENUE

5. This is an action for declaratory relief pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 3-401, *et seq.* and Md. Code Ann., Real Prop. § 14-108 in connection with the Property.

6. This Court has personal jurisdiction over the Defendants pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103.

7. This Court has subject matter jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-403.

8. Venue is proper in Baltimore County pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201 in that the Property is located in Baltimore County.

9. This action affects title to or an interest in the Subject Property. Since this action affects real property, it constitutes a Lis Pendens pursuant to Rule 12-102 and the common law.

## FACTS COMMON TO ALL COUNTS

10. On May 7, 2007, the Thomas's, record owners of the Property, executed a Deed of Trust in the amount of $250,000.00 securing a loan by IndyMac Bank, F.S.B, recorded among the land records Baltimore County, Maryland in Book 25724, Page 622 (the "Plaintiff's Deed of Trust"). The Plaintiff's Deed of Trust was later assigned to Plaintiff by an Assignment recorded among the land records of Baltimore County, Maryland in Book 35163, Page 317. True and

2011-10386 (Lit)

accurate copies of the Plaintiff's Deed of Trust, the underlying Note, and Assignment to Plaintiff are attached as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** respectively.

11. On January 27, 2010, a Release of Deed of Trust was recorded among the land records of Baltimore County, in Book 29127, Page 203 ("Erroneous Release"). This release was executed by the Thomases and by Elaine Young as "Public Trustee", and purports to release Plaintiff's Deed of Trust. A true and accurate copy of the Erroneous Release is attached as **Exhibit 4**.

12. Upon review of the Baltimore County land records Plaintiff's Deed of Trust appears as released as to the Property. Plaintiff brings this action to declare the Erroneous Release invalid, and the lien by Plaintiff's Deed of Trust valid and enforceable as to the Property.

### COUNT I: Declaratory Judgment

13. Plaintiff hereby incorporates all other paragraphs by reference as if fully set forth herein.

14. Plaintiff's Deed of Trust sought to secure the Property as interest for its lien.

15. The Thomas's executed the Deed of Trust establishing the lien on the Property.

16. The Thomas's and Elaine Young executed and recorded the Erroneous Release without authority. The Thomas's lack the ability to unilaterally release themselves of their obligations under the Note.

17. The Thomas's obligations under the Note remain unsatisfied.

18. Only Plaintiff or Plaintiff's predecessors in interest could have validly released Plaintiff's Deed of Trust.

3

2011-10386 (Lit)

19. Plaintiff has no remedy at law to validate its first lien position.

WHEREFORE, Plaintiff requests that the Court deems the Erroneous Release invalid, and asks for an Order of Satisfaction regarding the same. In the alternative, Plaintiff requests that the Court deem the Unreleased Deed of Trust to be junior to Plaintiff's Deed of Trust based on the equitable claim that Plaintiff's Deed of Trust was intended to hold first lien priority at origination.

Respectfully Submitted,

_____
Michael T. Cantrell, Esq.
Timothy S. Carey, Esq.
Steven M. Cammarata, Esq.
McCabe, Weisberg & Conway
312 Marshall Avenue, Suite 800
Laurel, Maryland 20707
301-490-3361
*Attorneys for Plaintiff*

4

2011-10386 (Lit)