UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

January 16, 2018

MEMORANDUM TO PARTIES RE:   Anthony Thomas v. Ocwen Loan Servicing
LLC, et al.
Civil Action No. GLR-17-777

Dear Parties:

Pending before the Court are Defendants Ocwen Loan Servicing LLC's ("Ocwen"), Timothy S. Carey's, and Kevin P. Diskin and Bryan Gales' (collectively, the "Ocwen Defendants") Motions to Dismiss for Failure to State a Claim (ECF Nos. 20, 21, 26).[1]  The Motions are ripe for disposition, and no hearing is necessary.  See Local Rule 105.6 (D.Md. 2016).  For the reasons outlined below, the Court will grant the Motions.

Plaintiff Anthony Thomas' action appears to be related to a mortgage loan associated with his property located at 7214 Rockridge Road, Baltimore, Maryland 21207.  (See Compl. Ex. A ¶ 10, ECF No. 1-2; Ex. B, ECF No. 1-3).[2]  On May 16, 2016, Ocwen brought suit in the Circuit Court for Baltimore County, Maryland against Thomas, his wife, Sharon M. Byrd-Thomas, and another party seeking to quiet title to the Thomas' property (the "Quiet Title Action").  (Compl. Ex. A).  In its complaint, Ocwen sought to establish Ocwen's first-lien priority on Thomas' property by voiding Thomas' release of a mortgage deed of trust.  (Id. ¶ 19).

On September 26, 2016, in the Quiet Title Action, Thomas filed a counterclaim against Ocwen and Carey, Ocwen's attorney in that case, alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. (2012).  (Mem. Supp. Def.'s Mot. Dismiss

---

[1] Also pending are Ocwen's, Carey's, Diskin and Gales', and Julie L. Ensor, John F. Fader, II, and Ruth A. Jakubowski's (collectively, the "Terminated Defendants") Motions to Dismiss for Failure to State a Claim (ECF Nos. 8, 11, 13, 14) Thomas' original Complaint in this case (ECF No. 1).  The Terminated Defendants filed their Motion on May 3, 2017.  (ECF No. 8).  Ocwen filed its Motion on May 12, 2017.  (ECF No. 11).  On May 15, 2017, Carey and Diskin and Gales filed their Motions.  (ECF Nos. 13, 14).  In response, Thomas filed an Amended Complaint on May 16, 2017.  (ECF No. 17).  When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded.  Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014), aff'd, 610 F.App'x 341 (4th Cir. 2015).  Accordingly, the Court will deny the Ocwen Defendants' Motions as moot.  Further, the Court will also deny the Terminated Defendants' Motions as moot because Thomas voluntarily dismissed them from this case in his Amended Complaint.

[2] Unless otherwise noted, the Court describes facts taken from the Amended Complaint and accepts them as true.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  The Court relies on the original Complaint and its exhibits as well as exhibits to the Ocwen Defendants' Motions only to provide factual context to this case.

["Ocwen's Mem."] Ex. B, ECF No. 20; Id. Ex. A at 1).  Ocwen retained Diskin and Gales to defend Ocwen against Thomas' counterclaim.  (See Ocwen's Mem. Ex. A at 1).  On November 29, 2016, the Circuit Court entered an order dismissing Thomas' FDCPA counterclaims against Ocwen and Carey.  (Diskin's & Gales' Mot. Dismiss Ex. C).  The Circuit Court then entered an order granting judgment in favor of Ocwen on April 3, 2017.  (Id. at Ex. D).

On March 21, 2017, while the Quiet Title Action was pending in state court, Thomas sued the Ocwen Defendants, the Terminated Defendants, and unnamed third-party debt collectors, John Does 1–10, in this Court, alleging violations of the FDCPA.  (Compl., ECF No. 1).  Thomas filed an Amended Complaint on May 16, 2017, which voluntarily dismissed the Terminated Defendants.  (ECF No. 8).  On May 30, 2017, Ocwen filed its Motion to Dismiss the Amended Complaint.  (ECF No. 20).  On May 31, 2017, Diskin and Gales filed their Motion to Dismiss the Amended Complaint.  (ECF No. 21).  Carey filed his Motion to Dismiss the Amended Complaint on June 2, 2017.  (ECF No. 26).  On June 14, 2017, Thomas filed a Response to all three Motions.[3]  (ECF No. 29).  Diskin and Gales filed a Reply on June 27, 2017.  (ECF No. 30).  The Court has not received a reply from Ocwen or Carey.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)).  A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010).  Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff

---

[3]  On July 5, 2017, Thomas filed a Supplemental to his Response.  (ECF No. 31).  Because Thomas' Supplemental is untimely and fails to respond to the arguments presented in the Ocwen Defendants' Motions, the Court declines to consider it.  See Gillum v. Pilot Travel Centers, LLC, No. WDQ-14-0173, 2015 WL 3887610, at *3 (D.Md. June 22, 2015) (quoting Curtis v. Evans, No. DKC 2003-2774, 2004 WL 1175227, at *1 (D.Md. May 27, 2004)) (explaining that under Local Rule 105.2(a), "the district court, in its discretion, may decide whether to consider an untimely opposition")).

to relief.  Hughes v. Rowe, 449 U.S. 5, 9–10 (1980).  Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'"  Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

All of the Ocwen Defendants move to dismiss the Amended Complaint on three principal grounds: (1) res judicata; (2) the Rooker-Feldman doctrine;[4] and (3) failure to state a claim under Rule 12(b)(6).[5]  As to the third ground, the Ocwen Defendants argue that Thomas does not sufficiently plead the elements of an FDCPA claim.  The Court agrees.

The FDCPA protects consumers from abusive and deceptive debt collection practices.  See United States v. Nat'l Fin. Servs. Inc., 98 F.3d 131, 135 (4th Cir. 1996).  To satisfy the elements of an FDCPA claim, Thomas must plead three elements: (1) He was the object of a collection activity arising from a consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants engaged in an act or omission prohibited by the FDCPA.  See Webster v. ACB Receivables Mgmt., Inc., 15 F.Supp.3d 619, 625 (D.Md. 2014) (quoting Stewart v. Bierman, 859 F.Supp.2d 754, 759–60 (D.Md. 2012)).

The FDCPA defines consumer "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  The FDCPA defines "debt collector" as "any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Here, Thomas does not allege any facts to establish that he was the object of a debt collection activity or that the Ocwen Defendants are debt collectors as defined by the FDCPA. Indeed, the Amended Complaint lacks any specific facts regarding the conduct the Ocwen Defendants purportedly engaged in that violated the FDCPA, the date or dates on which such conduct occurred, or the nature of Thomas' debt.[6]  Thomas simply asserts that the Ocwen Defendants are "debt collectors" that "initiated a non-judicial debt collection action attempting to confiscate, seize, disable, and dispossess personal property owned by [Thomas]" and "violated one or more provisions of the FDCPA."  (Am. Compl. ¶¶ 2, 4, 3, ECF No. 17).  Thomas' conclusory

---

[4]   Under the Rooker-Feldman doctrine, federal district courts generally do not have jurisdiction to review state-court decisions.  Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 816 (4th Cir. 2000) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)).

[5]   In addition to filing his own Motion, Carey joins Ocwen's Motion.  (Mem. Supp. Def. Carey's Mot. Dismiss at 3 n.1, ECF No. 26).  Although Diskin and Gales do not join in Ocwen's Motion, they advance the same arguments as Ocwen.

[6] The Court notes that in his Amended Complaint, Thomas states, "A copy of the summons and complaint is attached.  (Exhibit A)."  The Court did not, however, receive any exhibits with Thomas' Amended Complaint.

assertions are insufficient to state an FDCPA claim against the Ocwen Defendants.  See Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

Further, to the extent that Thomas asserts that the Ocwen Defendants failed to validate his debt as required under § 1692g of the FDCPA, he also fails to state a claim.  Section 1692g governs the validation of debts and requires debt collectors to provide consumers a notice containing certain information regarding the debt, including the amount of the debt, the name of the creditor, and the consumer's right to dispute the validity of the debt.  15 U.S.C. § 1692g(a).  Under § 1692g, a consumer must send written notice to the debt collector disputing the validity of the debt "within thirty days after receipt of the [statutorily required] notice."  Id. § 1692g(a)(3), (4).  If the consumer provides timely notice, the debt collector must "cease collection of the debt . . . until the debt collector obtains verification of the debt."  Id. § 1692g(b).

Here, Thomas fails to allege that he received a notice or other communication in connection with a debt collection.  Indeed, Thomas does not plead that he received a notice attempting to collect a debt, let alone a date on which he received such a notice or notices from any of the Ocwen Defendants.  The Amended Complaint is also devoid of any allegations that Thomas requested debt validation within thirty days of receiving notice from any of the Ocwen Defendants.  Thomas simply states that he "mailed [the Ocwen Defendants] a 15 USC § 1692 FDCPA demand for verification and validation of an alleged debt" and that the Defendants "did not provide [him] with the requested verification and validation of the alleged debt as required by the FDCPA."  (Am. Compl. ¶¶ 5, 6).  Such conclusory allegations are insufficient to state a § 1692g claim.  See Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).  Thus, Thomas fails to state an FDCPA claim.  Accordingly, the Court will grant the Ocwen Defendants' Motions.

As for John Does 1–10, the Amended Complaint lacks any allegations against them—they are only listed in the caption.  Thus, Thomas fails to state an FDCPA claim as to John Does 1–10.  Accordingly, the Court will dismiss Thomas' claims against John Does 1–10.

Based on the foregoing reasons, Ocwen's, Carey's, and Diskin and Gales' Motions to Dismiss for Failure to State a Claim (ECF Nos. 20, 21, 26) are GRANTED.  The Complaint is DISMISSED.  Ocwen's, Carey's, Diskin and Gales', and the Terminated Defendants' earlier-filed Motions to Dismiss (ECF Nos. 8, 11, 13, 14) are DENIED AS MOOT.

Despite the informal nature of this Memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and mail a copy to Thomas at his address of record.

Very truly yours,


_____
        /s/
George L. Russell, III
United States District Judge

4